**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARCOS A. MANON, JR.,
     Plaintiff,

v.
              No. 11-CV-1190
               (GTS/CFH)
ALBANY COUNTY,
     Defendant.[1]

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MARCOS A. MANON, JR.<br>Register # 16652-052<br>Plaintiff Pro se<br>Elkton Federal Correctional Institution<br>P.O. Box 10<br>Lisbon, Ohio 44432 | |
| THOMAS MARCELLE, ESQ.<br>Albany County Attorney<br>Attorney for Defendant<br>112 State Street, 10th Floor<br>Albany, New York 12207 | ADAM G. GIANGRECO, ESQ.<br>Assistant Albany County Attorney |

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff pro se Marcos A. Manon, Jr. ("Manon"), formerly an inmate of the Albany

---

[1] By Decision and Order dated June 12, 2012, this Court substituted Albany County as the named defendant in place of Albany County Correctional Facility. Dkt. No. 10. In addition, the Court dismissed Manon's (1) First Amendment claim against Albany County that he was issued a false misbehavior report, (2) Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., claim against Weagler, and (3) Eighth Amendment conditions of confinement claims against Albany County and Weagler. Id.

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

County Correctional Facility ("ACCF"), brings this action pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., against Albany County. Compl. (Dkt. No. 1) at 8. Manon alleges that Albany County discriminated against him by placing him in segregated confinement because of his disability. Id. at 7. Presently pending is Albany County's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 23. Manon opposes the instant motion. Resp. in Opp. to Mot. to Dismiss (Dkt. No. 30). Albany County filed a reply to Manon's response on October 1, 2012. Reply (Dkt. No. 32). For the following reasons, it is recommended that Albany County's motion be granted and Manon's complaint be dismissed.

## I. Background

The facts are related in the light most favorable to Manon as the non-moving party. See subsection II(A) infra.

Manon, who was formerly an inmate at ACCF, commenced this action while he was in custody of the United States Marshal after entering a guilty plea, awaiting placement in a facility operated by the United States Bureau of Prisons. Compl. at 1; see Dkt. No. 10 n.1. Manon specifically alleges that while in ACCF custody, Albany County discriminated against him by placing him in segregated confinement, twenty-three hours a day, because the liner of his prosthetic leg contained a metal screw. Compl. at 7–8. During his incarceration at ACCF, Manon swore at an ACCF staff member, resulting in his transfer to another unit pending his subsequent disciplinary hearing. Compl. at 6. Manon was confined to a cell for four days, twenty-four hours a day, before attending his disciplinary hearing where he was awarded time served. Id. at 6–7. Despite the hearing disposition, Manon remained

continually confined on that unit in his cell for twenty-three hours a day. Id. at 7. During this confinement period, Manon asked a sergeant and a nurse for the underlying reason for his continued segregation, to which they replied that it was because the liner of his prosthetic leg contained a metal screw. Compl. at 7; Resp. in Opp. to Mot. to Dismiss at 7. Manon also asked a corrections officer for a plastic bag to cover his prosthetic leg in an attempt to avoid water damage. Resp. in Opp. to Mot. to Dismiss at 6. When the officer discovered Manon's disability, specifically that he had a prosthetic leg, the officer, along with another officer and surrounding inmates, began to ridicule Manon by calling him a "pirate" and "Captain Hook." Id.

Manon never filed a grievance concerning the alleged ADA violation. Compl. at 2. While another inmate advised Manon to ask about filing a grievance, advice which Manon followed, Manon's requests to the sergeants were repeatedly denied. Id. at 2–3; Resp. in Opp. to Mot. to Dismiss at 2, 7, 9–10. Manon acknowledges that ACCF believes the metal screw in his liner may be dangerous. Resp. in Opp. to Mot. to Dismiss at 8, 9.

Manon's leg was amputated when he was five-years-old. Resp. in Opp. to Mot. to Dismiss at 7. He never used a wheelchair or crutches to move around. Id. at 8. Manon considers himself a self-reliant person and that his prosthetic leg has "never been an impediment for [him to] do what [he has] to do." Id. Nevertheless, Manon has "flash backs of the humiliation, rejection, and discrimination" that he felt from being placed in segregated confinement. Resp. in Opp. to Mot. to Dismiss at 2.

Manon filed a complaint on October 5, 2011 while he was housed at ACCF. Compl. at 1. Attached to the complaint was a cover letter in which Manon indicated that he may be transferring to a federal reception facility in Brooklyn, New York. Dkt. No. 1-1 at 1. On

3

December 8, 2011, Manon filed a Notice of Change of Address, indicating that he is now an inmate at the Elkton Federal Correctional Institution in Ohio. Dkt. No. 5. This motion followed.

## II. Discussion

Manon contends that his ADA rights were violated when he was placed in segregated confinement because the liner used for his prosthetic leg contained a metal screw. As a result, he incurred emotional injuries. Resp. in Opp. to Mot. to Dismiss at 2, 6, 7, 9–10. However, Manon does not assert the specifics or nature of the relief sought. Albany County moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), contending that (1) Manon failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.A. § 1997e, (2) Manon failed to allege a physical injury as required under the PLRA, (3) Manon lacks standing to bring this action, and that (4) Manon's claim is now moot. Dkt. No. 23.

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d

4

66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "plausible on its face." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted).  Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 680.  Consideration of a motion to dismiss "is limited to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest that we should not excuse frivolous or vexatious filings by pro se litigants, and that

> pro se status does not exempt a party from compliance with
> relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).

### B. Exhaustion

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). This exhaustion requirement applies to all prison condition claims. Porter, 534 U.S. at 532. "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement." Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate. Porter, 534 U.S. at 524. Exhaustion must be proper, meaning that all agency requirements are timely complied with, as "untimely or otherwise procedurally defective attempts to secure administrative remedies do not satisfy the PLRA's exhaustion requirement." Ruggiero v. Cnty. of Orange, 467 F.3d 170, 176 (2d Cir. 2006) (citing Woodford v. Ngo, 548 U.S. 81, 83, 90–91 (2006)). Courts in the Second Circuit have looked at the plain language of § 1997e(a) and concluded that "[t]he ADA falls within the

rubric of 'any other federal law.'" Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 442 (S.D.N.Y. 2004)). Thus, the exhaustion requirement under the PLRA is enforced against ADA claims. Pacheco v. Zurlo, No. 9:09-CV-1330 (TJM/ATB), 2011 WL 1103102, *2 (N.D.N.Y.), report and recommendation adopted by, 2011 WL 1102769 (N.D.N.Y. Mar. 23, 2011);³ Alster v. Goord, 745 F. Supp. 2d 317, 332 (S.D.N.Y. 2010); but see, Parkinson v. Goord, 116 F. Supp. 2d 390, 398 (W.D.N.Y. 2000) (opining that neither Title I or Title II of the ADA has an exhaustion of administrative remedies requirement).

As an initial matter, under the PLRA, failure to exhaust administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Thus, an inmate is "not required to specially plead or demonstrate exhaustion in [his] complaint," and a defendant must raise the issue of exhaustion and establish plaintiff's failure to demonstrate it in his responsive pleading. Id.; Pacheco, 2011 WL 1103102, at *3. Because, Albany County raises exhaustion in its motion to dismiss, in response to Manon's complaint, this Court may appropriately consider this issue at this time.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero, 467 F.3d at 175 (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)). A court must conduct a three-part inquiry to determine if an inmate's failure to follow the applicable grievance procedures is fatal to his or her claims. A court must consider whether

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust

---

³All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

7

> or acted in such a way as to estop them from raising the
> defense; or (3) special circumstances, such as a reasonable
> misunderstanding of the grievance procedures, justify the
> prisoner's failure to comply with the exhaustion requirement.

Ruggiero, 467 F.3d at 175 (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).

Administrative remedies are unavailable when there is no "possibility of [] relief for the action complained of." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (citing Booth v. Churner, 532 U.S. 731, 738 (2001)). The test to determine the availability of an administrative remedy is an objective one, asking whether "a similarly situated individual of ordinary firmness" would have deemed it accessible. Id. at 688. Estoppel occurs when "an inmate reasonably understands that pursuing a grievance through the administrative process will be futile or impossible . . . [as evidenced by] prison officials' threats, beatings, . . . denials of grievance forms, or by other misconduct deterring [the inmate] from fulfilling the requisite procedure." Kasiem v. Switz, 756 F. Supp. 2d 570, 577 (S.D.N.Y. 2010) (internal quotation marks and citations omitted). If an inmate claims estoppel and continues to file complaints and grievances, the exception is inapplicable. Id. Special circumstances exist when an inmate's failure to comply can be justified. Id. (citations omitted). Justification is found "by looking at the circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way." Giano v. Goord, 380 F.3d 670, 678 (2d Cir. 2004) (citations omitted).

The ACCF maintained a three-step procedure for inmates to file grievances concerning the conditions of their confinement.[4] ACCF Rules & Regs. (Dkt. No. 24) at 26

---

[4]The Court takes judicial notice of the ACCF Rules and Regulations that outlines ACCF's grievance procedures and various administrative remedies, a copy of which was

(handbook given to inmates upon admission). First, an inmate must file a grievance with the Grievance Coordinator. Id. If dissatisfied with the Coordinator's determination, an inmate may then appeal to a Chief Administrative Officer within the facility. Id. If still dissatisfied, an inmate may then appeal to the State Commission on Correction. Id. This procedure requires that a grievance be filed in writing on a particular form to be provided to an inmate by the unit supervisor upon request of the inmate. Id.

Manon contends that his efforts to pursue administrative remedies were impeded by defendant's failure to provide him the necessary grievance form. Viewing the facts in the light most favorable to Manon, if proven, would constitute behavior excusing Manon's failure to exhaust. Compl. 2–3; Resp. in Opp. to Mot. to Dismiss at 2, 7, 9–10. The necessity for Manon to file his grievances on the form designated by ACCF is underscored by the ACCF inmate handbook. See ACCF Rules & Regs. at 26. Thus, construing the facts in the light most favorable to Manon, Albany County's failure to provide the necessary form when requested by Manon reasonably prevented compliance with the procedures. Id. Repeated failures by defendant to provide an inmate with the form when requested would deter a similarly situated individual from attempting to pursue a grievance. Compl. at 2–3; Resp. in Opp. to Mot. to Dismiss at 2, 7, 9–10. Moreover, because Manon's assertions are devoid of any mention of the handbook and Manon was advised by an inmate to file a grievance concerning the segregated confinement, Compl. 2–3, it can be reasonably inferred that Manon did not receive a copy of the inmate's handbook, or was unaware of the grievance procedures or did not understand it.

---

filed by the defendant. Dkt. No. 24 at 4–27.

Assuming their truth for purposes of this motion, Manon's assertions suffice to raise plausible factual allegations surrounding whether Manon received the inmate handbook or the requested grievance form. These allegations defeat defendants' motion on this ground. Accordingly, defendant's motion on this ground should be denied.

### C. Physical Injury Requirement

Section 1997e(e) of the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because this physical injury requirement operates as "a limitation on recovery of damages for mental and emotional injury in the absence of a showing of physical injury, it does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002).

The physical injury requirement equally applies to ADA claims. Some Circuits have expressly stated that § 1997e(e) precludes an inmate's ADA claim for an emotional injury if there is no prior showing of a physical injury. See e.g., Cassidy v. Indiana Dep't of Corr., 199 F.3d 374, 376–77 (7th Cir. 2004) (reasoning that the plain language of § 1997e(e) makes no exception for ADA claims); Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (concluding that regardless of whether the alleged legal wrong is statutory or constitutional, § 1997e(e) bars claims for emotional injury without a prior physical injury). Courts in the Second Circuit have similarly deferred to the plain language of § 1997e(e),

that the physical injury requirement applies to all federal civil actions.  Thompson, 284 F.3d at 416.

Manon does not allege that he suffered any physical injury as a result of Albany County's alleged discriminatory conduct.  The only injuries that Manon asserts are the limited liberty that resulted from the segregated confinement and the humiliation caused by the defendant's ridiculing of his prosthetic leg.  Compl. 6–8; Resp. in Opp. to Mot. to Dismiss at 6–7.  Neither of these injuries constitutes a physical injury under the PLRA.  Instead, Manon contends that he suffered emotional distress from flashbacks of the incidents at ACCF.  Resp. in Opp. to Mot. to Dismiss at 2.  Because Manon makes clear that he only suffered emotional injuries from the alleged misconduct without a prior physical injury, Manon is prevented from recovering compensatory damages for an actual injury.

Assuming Manon seeks an injunction or a declaratory judgment, he is prevented from such relief.  When a prisoner is transferred to a different correctional facility, that prisoner's claim for injunctive relief against the transferor facility is generally considered moot.  Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam).  Manon was transferred from ACCF, a correctional facility in New York State, to a correctional facility in Ohio.  Dkt. No. 5.  Manon contends that the maltreatment he endured was in the forms of continued segregation and humiliation.  Because Manon does not allege that he is subjected to the same alleged misconduct in Ohio, and there is no reasonable expectation that the alleged misconduct is "capable of repetition, yet evading review," injunctive relief is not available to Manon, and declaratory relief would be meaningless.  Pugh v. Goord, 571 F. Supp. 2d 477, 488–89 (S.D.N.Y. 2008) (citations omitted).

11

Finally, even though Manon is not required to allege a physical injury in order to recover nominal or punitive damages, Thompson, 284 F.3d at 416, the sufficiency of his assertions does not save this action from dismissal. See Subsection II(D) infra. Accordingly, defendant's motion on this ground should be granted.

### D. ADA Claim

Even if the Court assumes that Manon surpasses the PLRA requirements, Manon has failed to allege sufficient facts to state a claim under the ADA. Title II of the ADA is applicable to inmates in state prisons. Allah v. Goord, 405 F. Supp. 2d 265, 274–75 (S.D.N.Y. 2005). In order to state an ADA claim, 42 U.S.C. § 12132 requires an inmate to demonstrate that:

> (1) he or she is a 'qualified individual with a disability'; (2) he or she is being excluded from participation in, or being denied the benefits of some service, program, or activity by reason of his or her disability; and (3) the entity [that] provides the service, program, or activity is a public entity.

Id.; see also Pennsylvania Dep't. of Corr. v. Yeskey, 524 U.S. 206, 209 (1998).

As to the first element, a person is an individual with a qualified disability if "(A) a physical or mental impairment . . . substantially limits one or more of the major life activities of such individual, (B) [there is] a record of such an impairment, or (C) [the individual is] being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)–(C).

> To determine if an individual meets any of the above criteria, courts apply a three part test . . . First, a plaintiff must show that [he or] she suffers from a physical or mental impairment. Second, the plaintiff must establish that the activity [he or] she alleges to be impaired

12

> constitutes a "major life activity." Third, the plaintiff must show that [his or] her impairment "substantially limits" the major life activity previously identified.

Smith v. Masterson, 538 F. Supp. 2d 653, 657 (S.D.N.Y. 2008) (internal citations omitted). Major life activities are defined as "caring for oneself, performing manual tasks, . . . walking, standing, sitting, . . . interacting with others, and working." 29 C.F.R. § 1630.2(i)(1).

Manon fails to plausibly demonstrate the first prong of the analysis, specifically, that he suffers from a qualifying disability that substantially limits a major life activity. To the contrary, Manon alleges that his disability "has never been an impediment for [him to] do what [he has] to do." Resp. in Opp. to Mot. to Dismiss at 7. Manon has not alleged, nor would the record support, any difficulties in ambulation, interaction, or working.

Manon also fails to establish the second prong of the analysis. Manon was placed in segregated confinement due to safety concerns as Manon acknowledges that ACCF believes the metal screw in his liner is dangerous. Resp. in Opp. to Mot. to Dismiss at 8, 9. Prison authorities should be accorded great deference with regards to the prison's programming and placement of inmates as they see fit "to preserve internal order and discipline and to maintain institutional security." Allen v. Couglin, 527 F. Supp. 1096, 1097 (N.D.N.Y. 1981) (citing Bell v. Wolfish, 441 U.S. 520, 547 (1979)). There is nothing in the complaint indicating that the security concerns are unreasonable. Additionally, the ADA requires that an inmate cannot be excluded from beneficial services, programs, or activities. Yeskey, 524 U.S. at 209. Manon does not allege that he was denied access to beneficial services, programs, or activities. Moreover, there is nothing in the complaint suggesting that Manon was excluded from participation in, or denied the benefits of some service,

program, or activity by reason of his disability.

Because a liberal reading of Manon's assertions does not suggest a legitimate ADA claim and Manon asserts only emotional injuries, granting Manon an opportunity amend his complaint would be futile. Cf. Thompson, 284 F.3d at 419 (granting plaintiff an opportunity to amend his complaint because plaintiff's allegations suggest he may have a legitimate claim of deliberate indifference to a serious medical condition and the court knew that plaintiff wanted damages despite its lack of knowledge of the nature of the damages). Accordingly, Manon's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### E. Standing and Mootness

Albany County also contends that Manon's claim should be dismissed because Manon lacks standing to bring this action and the claim is now moot. Article III, Section 2, Clause 1 of the United States Constitution limits the jurisdiction of federal courts to resolve "cases" or "controversies." U.S. Const. Article III, § 2, cl.1. An element of the case-or-controversy requirement is that a plaintiff bears the burden of establishing standing to sue. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). At an "irreducible constitutional minimum," Article III standing consists of three elements: (1) an "actual or imminent" injury-in-fact that is a "concrete and particularized" harm to a "legally protected interest"; (2) causation that acts as a "fairly traceable" connection between the injury-in-fact and the alleged unlawful conduct; and (3) redressability, which is a non-speculative likelihood that the injury can be remedied by the requested relief. Id. at 560–61, 564; see also Allen v. Wright, 468 U.S. 737, 751 (1984). Similarly, "the mootness doctrine ensures"

that the plaintiff's "standing persists throughout the life of a lawsuit." Amador v. Andrews, 655 F.3d 89, 99–100 (2d Cir. 2011) (citing Comer v. Cisneros, 37 F.3d 775, 798 (1994)).

Because Manon sought no specific relief related to an identifiable harm, Manon's complaint should also be dismissed based on a lack of standing and mootness. Manon alleges that he suffered concrete and particularized emotional injuries, such as flashbacks, which are fairly traceable to Albany County's alleged discriminatory conduct. Resp. in Opp. to Mot. to Dismiss at 2. However, these injuries cannot be remedied by any relief sought in the present complaint as Manon has demanded none. As discussed, even if the Court construes Manon's complaint as a request for damages and relief, none of the exceptions under Thompson would survive and granting Manon a chance to amend his complaint would be futile. Accordingly, defendant's motion on these grounds should also be granted.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 23) be **GRANTED** and Manon's complaint be **DISMISSED** with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

Dated: October 9, 2012
       Albany, New York

_____
Christian F. Hummel
U.S. Magistrate Judge