UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARCOS A. MANON, JR.,

                Plaintiff,
                                                9:11-CV-1190
v.                                                   (GTS/CFH)

ALBANY COUNTY,

                Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

MARCOS A. MANON, JR., ID No. 16652-052
  Plaintiff, *Pro Se*
Elkton Federal Correctional Institution
P.O. Box 10
Lisbon, Ohio 44432

ALBANY COUNTY ATTORNEY'S OFFICE        ADAM G. GIANGRECO, ESQ.
  Counsel for Defendant                            THOMAS MARCELLE, ESQ.
112 State Street, 10th Floor
Albany, New York 12207

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Marcos A. Manon, Jr. ("Plaintiff") against Albany County ("Defendant"), are the following: (1) Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim (Dkt. No. 22); (2) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Defendant's motion be granted (Dkt. No. 34); (3) Plaintiff's Objection to the Report-Recommendation (Dkt. No. 40); and (4) Plaintiff's motion for preliminary injunction (Dkt. No. 35). For the reasons set forth below, the Report-Recommendation is accepted; Defendant's motion is granted; Plaintiff's Complaint is dismissed; and Plaintiff's motion is denied.

I.      **RELEVANT BACKGROUND**

   A.      **Plaintiff's Complaint**

Plaintiff filed his Complaint on October 5, 2011.  (Dkt. No. 1.)  Generally, construed with the utmost of liberality, Plaintiff's Complaint claims that Defendant discriminated against Plaintiff based on his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 120101 *et seq.* ("the ADA"), by wrongfully holding him in segregated confinement at Albany County Correctional Facility from some point in September 2011 through October 3, 2011 (beyond the expiration of a disciplinary sentence imposed on him for cursing at a correctional officer), because his prosthetic leg contained a metal screw.  (*Id.*)

For a more detailed recitation of Plaintiff's claim and supporting factual allegations, the Court refers the reader to the Complaint in its entirety, as well as Part I of the Court's Decision and Order of June 12, 2012, and Part I of Magistrate Judge Hummel's Report-Recommendation, which accurately summarize that Complaint.  (Dkt. Nos. 1, 10, 34.)

   B.      **Defendant's Motion to Dismiss for Failure to State a Claim**

On August 7, 2012, Defendant filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. Nos. 22-25.)  Generally, in its motion, Defendant asserts the following three alternative arguments: (1) Plaintiff's Complaint should be dismissed based on a lack of standing, given that Plaintiff does not allege facts plausibly suggesting that he has suffered an injury that is redressable by the Court; (2) in the alternative, Plaintiff's Complaint should be dismissed because Plaintiff has alleged facts plausibly suggesting that, before filing this action, he did not exhaust his available administrative remedies as required under the Prison Litigation Reform Act of 1997 ("PLRA"); (3) in the alternative, Plaintiff's Complaint should be dismissed because Plaintiff has failed to

allege facts plausibly suggesting that he suffered a physical injury as required by the PLRA (and any injunction sought by Plaintiff is moot, given that he was transferred to a correctional facility in Ohio following the filing of this action). (Dkt. No. 23, Parts I and II.)

In addition, in its reply, Defendant argues, *inter alia*, that, even if Plaintiff has satisfied the PLRA requirements, he has failed to allege facts plausibly suggesting that he is being excluded from participation in, or being denied the benefits of some service, program or activity, by reason of his disability. (Dkt. No. 32.)

### C.      Magistrate Judge Hummel's Report-Recommendation

On October 9, 2012, Magistrate Judge Hummel issued a Report-Recommendation recommending that Defendant's motion be granted and that Plaintiff's Complaint be dismissed. (Dkt. No. 34.)  More specifically, Magistrate Judge Hummel reported that, although he was not persuaded by Defendant's exhaustion argument, he was persuaded that Plaintiff's Complaint should be dismissed based on the following three alternative grounds: (1) Plaintiff has failed to allege facts plausibly suggesting that he suffered a physical injury as required by the PLRA (and he has failed to allege facts plausibly suggesting grounds for the award of either punitive damages or injunctive relief); (2) even if Plaintiff satisfied the PLRA requirements, he has failed to allege facts plausibly suggesting that (a) he is a qualified individual with a disability and (b) he is being excluded from participation in, or being denied the benefits of some service, program or activity, by reason of his disability (and the defects in his ADA claim are so substantive that granting Plaintiff leave to amend would be futile); and (3) in the alternative, Plaintiff's Complaint should be dismissed based on a lack of standing and mootness, given that his ADA claim seeks not specific relief related to an identifiable harm. (Dkt. No. 34, at Parts II.B. through II.E.)

      **D.**      **Plaintiff's Objection to the Report-Recommendation**

On October 15, 2012, Plaintiff filed an Objection to the Report-Recommendation. (Dkt. No. 40.) Generally, even when construed with the utmost of liberality, Plaintiff's Objection either addresses matters wholly unrelated to the Report-Recommendation (e.g., events occurring before his incarceration at Albany County Correctional Facility, or at locations other than that Facility), or reiterates the same arguments that he presented in his opposition to Defendant's motion. (*Compare* Dkt. No. 40 *with* Dkt. No. 30.) Plaintiff's Objection does not specifically challenge any portion of Magistrate Judge Hummel's Report-Recommendation. (*Compare* Dkt. No. 40 *with* Dkt. No. 34.) The closest he comes to doing so is when (1) he argues that "the Court took side [sic] the defendant Albany County C[orrectional Facility]" because of "a conflict of interest," and (2) he argues that the requirement that an inmate suffer a physical injury before suing could cause an inmate to die before his estate can sue. (Dkt. No. 40, at 6-7.) However, those vague arguments do not specifically challenge any particular finding or conclusion rendered by Magistrate Judge Hummel in his Report-Recommendation.

      **E.**      **Plaintiff's Motion for a Preliminary Injunction**

On October 9, 2012, Plaintiff filed a motion for preliminary injunction. (Dkt. No. 35.) Generally, in his motion, Plaintiff asks that the Court intervene to prevent "thirsty lawyers from harassing me, by sending me a notification every time a new way of lie [sic] occurs to them. (*Id.*) Generally, in response to Plaintiff's motion, Defendant argues, *inter alia*, that (1) no likelihood of success exists because Plaintiff is trying to stop Defendant from merely fulfilling its duty of serving its motion papers on Plaintiff, and (2) no irreparable harm exists because Plaintiff alleges only emotional distress as a result of the service. (Dkt. No. 37.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3]   *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**B.     Standard Governing a Motion to Dismiss for Failure to State a Claim**

Magistrate Judge Hummel accurately recites the legal standard governing a motion to dismiss for failure to state a claim. (Dkt. No. 34, at Part II.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**C.     Standard Governing a Motion for a Preliminary Injunction**

Defendant accurately recites the legal standard governing a motion for a preliminary injunction. (Dkt. No. 37, at Part I.) As a result, this standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

**III.     ANALYSIS**

**A.     Defendant's Motion to Dismiss for Failure to State a Claim**

As explained above in Part I.D. of this Decision and Order, even when construed with the utmost of liberality, Plaintiff's Objection either addresses matters wholly unrelated to the Report-Recommendation (e.g., events occurring before his incarceration at Albany County Correctional Facility, or at locations other than that Facility), or reiterates the same arguments that he presented in his opposition to Defendant's motion. (*Compare* Dkt. No. 40 *with* Dkt. No. 30.) Furthermore, as explained in Part II.A. above of this Decision and Order, when an objection merely reiterates the same arguments made by the objecting party in its original papers, the Court subjects the Report-Recommendation to only a clear- error review.

Here, after carefully reviewing all of the papers in this action, including Magistrate Judge Hummel's Report-Recommendation, the Court concludes that the Report-Recommendation is correct in all respects. (Dkt. No. 34.) Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the

7

Court adopts the Report-Recommendation in its entirety for the reasons stated therein. (*Id*.) The Court would add only that Magistrate Judge Hummel's thorough Report-Recommendation would survive even a *de novo* review.

     **B.**     **Plaintiff's Motion for a Preliminary Injunction**

After carefully considering the matter, the Court denies Plaintiff's motion for a preliminary injunction for each of the alternative reasons offered by Defendant in its opposition memorandum of law. (Dkt. No. 37; *see also, supra,* Part I.E. of this Decision and Order [summarizing reasons].) The Court would add only that Plaintiff's motion is denied on the additional grounds that (1) the relief sought in the motion is unrelated to the allegations contained in the Complaint,[6] and (2) in any event, the motion is moot given that his Complaint has been dismissed.

     **ACCORDINGLY**, it is

     **ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 34) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

     **ORDERED** that Defendant's motion to dismiss for failure to state a claim (Dkt. No. 22) is **GRANTED**; and it is further

     **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

---

     [6]     "[T]he relief that Plaintiff seeks by way of injunction [must] relate to the allegations contained in the . . . complaint . . . ." *Gordon v. Watts*, 06-CV-0450, 2008 WL 717689, at *1 (N.D.N.Y. Mar. 17, 2008) (Kahn, J.); *accord, Williams v. Goord*, 05-CV-247, 2007 WL 703202, at *2 (N.D.N.Y. Mar. 2, 2007) (Scullin, S.J.); *Allen v. Brown*, 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (Pooler, J., adopting Report-Recommendation of DiBianco, M.J.); *Candelaria v. Greifinger*, 96-CV-0017, 1997 WL 176314, at *11 (N.D.N.Y. Apr. 9, 1997) (Pooler, J., adopting Report-Recommendation of Scanlon, M.J.); *Chapdelaine v. Keller*, 95-CV-1126, 1996 WL 597848, at *4 (N.D.N.Y. Oct. 16, 1996) (Pooler, J.).

ORDERED that Plaintiff's motion for a preliminary injunction (Dkt. No. 35) is

**DENIED**.

The Clerk's Office is directed to close this action.

Dated: December 12, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge